UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY NEWTON,<br><br>Plaintiff,<br><br>v.<br><br>T. AKKAD et al.,<br><br>Defendants. | Case No. 2:20-cv-01402-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion Requesting Appointment of Counsel. ECF No. 39. The Court has reviewed the Motion and Response (ECF No. 40). No timely reply was filed.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). The lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016). And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989).

Plaintiff claims that he has limited knowledge of the law and ability to present his case. However, Plaintiff's involvement in this dispute demonstrates he is able to articulate a cohesive claim. *Perez v. Nash*, 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute

exceptional circumstances). Further, although the Court is sympathetic to Plaintiff's inexperience with discovery, his underlying claim is neither factually nor legally complex. In the absence of such complexity the appointment of counsel is not warranted. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

For each and all of the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion Requesting Appointment of Counsel (ECF No. 39) is DENIED.

Dated this 23rd day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE