**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Anthony Newton,

     Plaintiff

v.

T. Akkad, et al.,

     Defendants

Case No.: 2:20-cv-01402-JAD-EJY

**Order re: Motion for Summary Judgment**

Plaintiff Anthony Newton brings this civil-rights action under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments by corrections officer Talal Akkad.  On November 22, 2022, Akkad filed a motion for summary judgment on all claims.[1]  The certificate of service attached to that motion reflects that it was served on Newton by mail,[2]  and the court issued a separate notice to Newton that advised him of the effect of the filing of such a dispositive motion and his deadline to respond.[3]  Four days later, Newton dispatched to the court a "response" to that notice in which he asks whether a dispositive motion has been filed and explains that he no longer has help with his case and doesn't know or understand how to respond to such a motion.[4]

The court hereby confirms that such a motion was, in fact filed,[5] and Newton's deadline to respond to it passed on December 13, 2022.  I liberally construe Newton's voiced concerns

---

[1] ECF No. 42.

[2] *Id*. at 25.

[3] ECF No. 43

[4] ECF No. 46.

[5] ECF No. 42.

about his inability to pursue his claims and respond to dispositive motions as a motion to appoint

counsel to assist him.  Unfortunately, indigent, civil-rights litigants like Newton do not have a

constitutional right to appointed counsel.[6]  Instead, these requests are governed by 28 U.S.C.

§ 1915(e)(1), which allows the court to "request an attorney to represent any person unable to

afford counsel."  Courts do so only in "exceptional circumstances."[7]  "When determining

whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on

the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the

complexity of the legal issues involved."[8]  "Neither of these considerations is dispositive and

instead must be viewed together."[9]  Because Newton's education and experience level are not

uncommon for pro se prisoner litigants, and his claims are not particularly complex, I do not find

exceptional circumstances that warrant the appointment of counsel for him in this case.  So I

deny his tacit request for appointment of counsel at this time.

But because it appears that Newton was waiting for some response from this court before

filing a proper response to the defendant's motion for summary judgment, I find that such an

expectation is good cause for a reasonable extension of the deadline for him to respond to the

pending motion for summary judgment.  So I sua sponte grant an extension for response.

IT IS THEREFORE ORDERED that **Plaintiff Anthony Newton's deadline to respond**

**to Defendant Talal Akkad's motion for summary judgment, filed on November 22, 2022,**

**[ECF No. 42] is EXTENDED to January 17, 2023.**  Newton thus has until January 17, 2023, to

---

[6] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[7] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[8] *Id.*

[9] *Id.*

1  file a proper, substantive response to the motion for summary judgment.  If he did not receive a

2  copy of that motion for summary judgment, he must notify the court in writing immediately.

3        Dated: December 15, 2022

4                                                    _____
                                                     U.S. District Judge Jennifer A. Dorsey

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23