UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Newton, | Case No.: 2:20-cv-01402-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motion to Extend Deadline to Respond to Motion for Summary Judgment** |
| T. Akkad, | |
| Defendant | [ECF Nos. 42, 50] |

Plaintiff Anthony Newton requests an extension of the deadline for his response to the defendant's motion for summary judgment, which has been pending since before Thanksgiving. Newton notified the court that he didn't receive a copy of the motion and asked for another one, which he was provided just before Christmas.  He now asks the court to give him until April 19, 2023, to respond because he needs to locate his paperwork and figure out how to oppose a summary-judgment motion.[1]  Although the court finds good cause for some extension of time, an additional 90 days when the original deadline has already been extended by five weeks is unwarranted.  So IT IS ORDERED that Newton's motion to extend time **[ECF No. 50] is GRANTED in part**.  **Newton has until March 7, 2023, to file his response to the defendant's motion for summary judgment** [ECF No. 42].

The court also reiterates the following information, previously provided to Newton and filed at ECF No. 43, regarding summary-judgment motions, which the Ninth Circuit Court of Appeals has directed be given to pro se litigants:

---

[1] ECF No. 50.

A motion for summary judgment is a means through which the defendants seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact−−that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in the form of admissible evidence (such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated documents as provided in Rule 56(e)), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56-1 of the Local Rules for the United States District Court for the District of Nevada also requires, in addition, that you file with your opposition to a motion for summary judgment a statement of facts which you contend are or are not genuinely in issue in this summary judgment procedure. If you are opposing a summary judgment motion, you should review the opposing party's Local Rule 56-1 statement of facts not genuinely in issue, and you should set forth in writing those facts (supported by specific citation to evidence in the record which you have attached to your motion or statement) which contradict the claims of the opposing party. In other words, you must provide the court a statement of facts supported by attached admissible evidence that demonstrates that the opposing party is not entitled to judgment against you.

If you are the party moving for summary judgment, you should set forth, in writing, a statement of material facts, not genuinely in issue (supported by specific citation to evidence in the record which you have attached to your motion or statement) which supports your claim for summary judgment. In so doing, you must show the court those material facts which can be proven with

admissible evidence that demonstrate that you are entitled to have judgment entered in your favor at this time.

If the non-moving party fails to oppose the motion within 21 days, or if the non-moving party fails to submit evidence supporting its opposition, the court may consider the facts as undisputed. Accordingly, if the motion for summary judgment has merit, the court may then grant the motion and enter judgment.

_____
U.S. District Judge Jennifer A. Dorsey
January 24, 2023