UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Newton, | Case No.: 2:20-cv-01402-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Plaintiff's Motion to Waive Costs** |
| Talal Akkad, | [ECF Nos. 57, 59] |
| Defendant | |

Plaintiff Anthony Newton sued Clark County Detention Center (CCDC) officer Talal Akkad for violations of his Fourth and Fourteenth Amendment rights during a 2019 strip search. Last year, I granted Akkad's motion for summary judgment on all claims, and the clerk entered judgment in his favor. As the prevailing party, Akkad submitted a bill of costs that he incurred from this litigation. Newton asks the court to waive these costs, arguing that he doesn't have the money or a form of steady employment to permit him to reimburse Akkad. Akkad responds that Newton's indigency is not a determinative factor in this award of costs and that he is entitled to reimbursement under Federal Rule of Civil Procedure 54(d)(1). Because Newton has not shown that his financial situation is so dire and the costs so high to rebut the presumption in favor of awarding costs to Akkad, I deny him this relief.

**Background**

In January 2019, Newton was housed at CCDC as a pretrial detainee when officers conducted a shakedown.[1] Akkad brought Newton and four other detainees into a "strip-out

---

[1] ECF No. 42-2 at 2 (CCDC's incident report); ECF No. 42-1 at 6 (deposition of Anthony Newton).

room" to be searched.[2] According to Newton, Akkad verbally harassed them, making lewd remarks while they were naked and in compromising positions.[3] Newton and his fellow detainees wrote a complaint to the Las Vegas Metropolitan Police Department's (Metro) Citizen Review Board detailing Akkad's behavior and explaining that they felt sexually violated by his conduct.[4] Metro's internal-affairs department opened an investigation and determined that Akkad violated Metro regulations.[5] He was given a written reprimand for his conduct.[6]

Newton sued Akkad for violating his Fourth and Fourteenth Amendment rights, but I granted Akkad's motion for summary judgment based on qualified immunity.[7] As the prevailing party, Akkad timely filed a bill of costs totaling $722.50—the cost of Newton's deposition.[8] Newton now asks the court to waive these costs, averring that he has no money to pay for his deposition and he would never have agreed to it had he known he could end up with the bill.[9] Akkad responds that Rule 54(d)(1) entitles him to this award despite Newton's indigent status.[10] Newton filed a second motion to waive his fees that I construe as his reply, adding that because he is unemployed, he should not be forced to reimburse Akkad.[11]

---

[2] ECF No. 42-1 at 21:9–10, 21–24.
[3] *Id*. at 26:4–5, 15–16, 27:21–23.
[4] ECF No. 42-3 (Citizen Review Board complaint).
[5] ECF No. 42-4 (investigative report).
[6] *Id*.
[7] ECF No. 54.
[8] ECF No. 56.
[9] ECF No. 57.
[10] ECF No. 58; ECF No. 60.
[11] ECF No. 59.

2

**Discussion**

Federal Rule of Civil Procedure 54(d)(1) awards taxable costs—other than attorneys' fees—to the prevailing party of a lawsuit, "unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise."[12] This rule establishes "a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse."[13] A court need not explain its decision to abide by this presumption,[14] but if it refuses to award costs, it must "specify [its] reasons."[15] The Ninth Circuit has approved several justifications for such a refusal: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants . . . (4) the issues in the case were close and difficult; (5) the prevailing party's recovery was nominal or partial; (6) the losing party litigated in good faith; and, perhaps, (7) the case presented a landmark issue of national importance."[16] As a general rule, "a plaintiff proceeding in forma pauperis is not protected from the taxation of costs."[17]

Newton moves to waive the costs incurred from this suit, arguing that he didn't realize he could be hit with the bill for his deposition, and all the money that he currently has is gifted to him by his friends and family.[18] Akkad responds that, as the prevailing party, he is entitled to

---

[12] Fed. R. Civ. P. 54(d)(1).

[13] *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

[14] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

[15] *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591–93 (quoting *Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

[16] *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (cleaned up).

[17] *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

[18] ECF No. 57.

costs under Rule 54(d)(1), and Newton has not provided any legal basis for the court to find otherwise.[19] In Newton's reply, he adds that he doesn't have a job to pay the $722.50 in costs and shouldn't have to because Metro's internal-affairs department and Citizen's Review Board determined that Akkad violated Metro's regulations.[20]

Newton has not adequately shown that he is entitled to relief from an award of costs. Although he contends that he relies on his family and friends to gift him money and it would be unfair to make them pay the cost of his deposition, his mere assertions of financial hardship, without more, do not rebut the presumption in favor of awarding costs to Akkad.[21] Newton does note that he is unemployed, and the Ninth Circuit found in *Stanley v. University of Southern California* that unemployment is "persuasive evidence" of indigency that courts may factor into their determination of costs.[22] But the party in *Stanley* was on the hook for $46,710.97, many multiples more than Newton's $722.50.[23] So I do not find that Newton has presented a case of dire financial hardship sufficient to rebut the presumption in favor of awarding costs to Akkad, and I deny him this relief.

---

[19] ECF No. 58.

[20] ECF No. 59.

[21] *See e.g.*, *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (If a court chooses to consider a non-prevailing party's financial status in its award-of-costs determination—a situation this court deemed exceedingly "rare"—then "it should require substantial documentation of a true inability to pay.").

[22] *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999).

[23] *Id*. at 1080.

**Conclusion**

IT IS THEREFORE ORDERED that Anthony Newton's motion to waive costs **[ECF No. 57] is DENIED.** Newton's second motion to waive costs **[ECF No. 59] is DENIED as moot.** Talal Akkad is awarded costs of $722.50 against Newton. The Clerk of Court is directed to ENTER AN AMENDED JUDGMENT accordingly.

_____
U.S. District Judge Jennifer A. Dorsey
February 20, 2024

5